IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
_____ DIVISION

FILED
01 JAN 31  PM 8:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
FEB 0 1 2001

| | |
|---|---|
| BRANDY T. GIBSON,   )<br>   )<br>        Plaintiff   )<br>   )<br>vs.   )<br>   )<br>SCI SYSTEMS, INC., a corporation   )<br>and SOS TEMPORARY SERVICES, INC.,   )<br>   )<br>        Defendants   ) | Civil Action No.<br><br>99-C-2349-NE |

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT**

The defendants have moved for summary judgment in this case alleging a sexually hostile work environment and a retaliatory discharge by the Defendant SCI Systems, Inc. ("SCI"). The Plaintiff has not controverted the motion.

I

The evidence before the Court shows that in June 1998, Plaintiff Brendan T. Gibson was hired by Defendant SOS Temporary Services, Inc. ("SOS"). SOS initially assigned Plaintiff to Defendant SCI as a temporary employee. While working at SCI, Plaintiff was sexually harassed by a co-worker and a supervisor. SCI has a well-known and strictly-enforced written policy against sexual harassment, of which Plaintiff was aware. Plaintiff was aware that SCI had discharged an employee for violation of the policy; and she knew that her harassers were fearful of the policy. Plaintiff never complained to SCI about the harassment, and when questioned by SCI officials, denied that she had been sexually harassed. Plaintiff admittedly lied to SCI officials during their investigation of a separate complaint of sexual harassment against her



harassing supervisor by another female employee. SCI fired Plaintiff because of her dishonesty in that investigation.

After Plaintiff had been discharged by SCI, she returned to SOS. SOS lacked the authority to force SCI to retain Plaintiff in its employment. Plaintiff chose not to be immediately re-assigned to another employer and collected unemployment benefits from SOS. SOS subsequently re-assigned Plaintiff to another employer, the Avex Corporation ("Avex"). Plaintiff voluntarily terminated her employment with Avex.

II

Under these undisputed facts, the defendant is entitled to judgment as a matter of law. *Farragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Mendoza v. Borden, Inc*, 195 F.3d 1238 (11th Cir. 1999) (*en banc*); *EEOC v. Total System Services, Inc.*, 221 F.3d 1171 (11th Cir. 2000).

By separate order, the motions for Summary Judgment will be granted.

Done this 31st day of January, 2001.

_____
Chief United States District Judge
U.W. Clemon